## STATE ex SQUIRE v OLIVE-HILLIARD CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No 16071.    Decided Oct 25, 1937

Herbert S. Duffy, Columbus, and E. S. Lindemann, Cleveland, Frank Wilke, Cleveland, for plaintiff-appellant.

Davies & Eshner, Cleveland, for defendant-appellee.

## OPINION

By TERRELL, J.

In this case is involved an interpretation of an order of the trial court made under the Best Act, §11588, GC. The facts are as follows:

Plaintiff obtained a judgment upon a cognovit note by confession against defendant in the Common Pleas Court in case No. 439370. Several months later plaintiff instituted a foreclosure action upon its mortgage which was given to secure said note; this case being No. 447437. In this latter case, upon the application of defendant under §11588 GC, the Best Act, the court made the following order:

"This case came on to be heard this 18th day of December, 1936, in Court Room No. 1 of the Court of Common Pleas of Cuyahoga County, Ohio, upon the application of the defendant, The Olive-Hilliard Co., for an order deferring the issuance of an order of sale and postponing the sheriff's sale in this cause and enjoining all further proceedings in this cause upon compliance by the defendant of the terms and conditions fixed by this court under authority of §11588 GC. After hearing and upon due consideration thereof, this court finds that the defendant is entitled to the benefits of §11588 GC and it is therefore,

"Ordered, Adjudged and Decreed that the plaintiff be and he is hereby restrained from issuing an order of sale in the above entitled cause, pursuant to §11588 GC, conditioned however, that the said defendant comply with the order hereinafter set forth.

"It is further ordered, adjudged and decreed that all further proceedings in this case looking to the holding of the sheriff's sale and the sale of the premises, which is the subject matter of this action, are hereby stayed, and the sheriff of Cuyahoga County be and he is hereby enjoined from proceeding with the holding of a sheriff's sale in this cause to the extent provided by §11588 GC.

"It is further order of the court that the proceedings under §11588 GC be stayed, upon condition that the said defendant, The Olive-Hilliard Company, the owner of said property, makes monthly payments to the plaintiff in the amount of One Hundred Thirty Two and 20/100 Dollars ($132.20) on the 2nd day of each and every month, beginning January 2, 1937, which sum the court finds is necessary to pay the current interest on plaintiff's first mortgage and the current taxes from and after the date of this order and upon the further condition that said defendants shall pay all premiums in connection with fire and windstorm insurance which plaintiff shall require to be carried on the premises covered by said mortgage.

"It is further ordered and decreed that in the event said defendant fails to make any of such monthly payments within ten (10) days after same has become due, as provided herein, or shall fail to pay any such insurance premium, then the plaintiff, upon proper application of the court, may have this entry set aside and held for naught and may cause an order of sale to be issued forthwith."

Some time later, plaintiff instituted proceedings in aid of execution in case No. 439370, garnisheeing certain funds of defendant in a bank account, under §11772 GC, for the payment of its judgment. Defendant filed a motion to dismiss the proceedings in aid of execution on the ground that under the prior order of the court in case. No. 447437, the plaintiff was restrained by the Best Act from proceeding to enforce the debt, whereupon the proceedings to collect said judgment were ordered stayed by the court.

The validity of the Best Act is not drawn into question by the arguments of counsel. Counsel for plaintiff contends that under the wording and the terms of the order of the court, hereinbefore set forth, the plaintiff was not restrained from collecting said judgment from resources or property of defendant other than the particular property covered by the mortgage which was the subject of the foreclosure action.

Defendant contends that because the court stated that

"the defendant is entitled to the benefits of §11588 GC,"

that all possible benefits and relief that the court might have decreed to the defendant is operative under this order on behalf of the defendant.

Sec 11588, GC, uses the following language:

"* * * However, any court before which a proceeding for the foreclosure of a mortgage or the enforcement of a specific lien or execution upon real property is had, on or before the first day of April, 1937, may have a full hearing and upon such terms

and conditions as may be fixed by the court, order that the sale be postponed and that proceedings to enforce the debt, or to recover possession be restrained until such time, not later than the 1st day of April, 1937, as the court may, in the exercise of its discretion, believe to be just and equitable."

Whether the court has power, under this section, to stay any and all "proceedings to enforce the debt" we are not now called upon to determine. Under this section whatever power is given to the court is given to it to exercise in its discretion as it believes to be just and equitable. Whenever the court grants to defendant in a foreclosure action relief under §11588 GC, it is not required that all possible relief thereunder shall be granted to defendant. It is required of the court to grant only such relief in its discretion as it deems just and equitable under the circumstances limited by the terms of the statute. So in this present instance we are called upon only to determine whether the order made by the court is sufficiently broad to restrain the plaintiff from all other "proceedings to enforce the debt."

A study of the wording of the order of the court in question clearly shows to us that the plaintiff is merely restrained from taking any proceedings under the foreclosure action as it refers to the property in the mortgage described. The plaintiff is "restrained from issuing an order of sale in the above entitled cause." "It is further ordered, adjudged and decreed that all further proceedings in this cause, looking to the holding of the sheriff's sale, and the sale of the premises, which is the subject matter of this action, are hereby stayed."

The cause of action under which this order was made was No. 447437. No restraint was thereby issued from proceeding to the collection of the judgment in case No. 439370 and against any other property of the defendant than the property the subject of foreclosure.

It is therefore our conclusion that even if the court does have the power under §11588 GC to restrain the plaintiff from proceeding to collect the debt, out of any property of the defendant, that the court, in this instance, has limited the restraint upon the plaintiff only from seeking to collect the debt out of the property under foreclosure.

The Court of Common Pleas was in error therefore in dismissing the proceedings in aid of execution thus brought by the plaintiff.

The order of the Common Pleas Court in dismissing said aid of execution proceedings is therefore reversed and the cause remanded for further proceedings according to law.

LIEGHLEY, J, concurs in judgment.
LEVINE, PJ, dissents.

### DISSENTING OPINION

By LEVINE, PJ.

I am constrained to dissent from the majority opinion which orders a reversal of the judgment of the Common Pleas Court. The order of the Common Pleas Court and the statute under which the order was made are set forth in the majority opinion.

For the purpose of this case we may well assume that the court had the power, under the Best Act, not only to postpone the sale of the property, but also to restrain the collection of the debt for which the mortgage on said property was given as security. The question before us is whether the court, in its order, did so restrain the creditor from enforcing the debt.

It will be seen that §11588 GC, generally known as the Best Act, reads in part as follows:

"* * * However, any court before which a proceeding for the foreclosure of a mortgage or the enforcement of a specific lien or execution upon real property is had, on or before the first day of April, 1937, may, after a full hearing and upon such terms and conditions as may be fixed by the court, order that the sale be postponed and that proceedings to enforce the debt, or to recover possession be restrained until such time, not later than the 1st day of April, 1937, as the court may, in the exercise of its discretion, believe to be just and equitable * * *."

What is the meaning of the phrase "that proceedings to enforce the debt * * * be restrained * * *." The debt referred to in the statute means the mortgage indebtedness. The legislature sought to bring relief to harrassed owners of property who have incurred an indebtedness and gave a mortgage on their property to secure the debt. By merely restraining the enforcement of the mortgage lien but permitting the creditor to harrass the debtor

by reaching out for any other property belonging to the debtor, the beneficent purpose of the statute would be defeated.

It is argued, by way of illustration, that if you do not limit the meaning of the statute as merely postponing the sale that persons of great wealth who have many resources outside of the property mortgaged, would be unjustly protected against the immediate enforcement of the debt. The answer to this argument is that the statute provides for a full hearing and vests the court with discretion to fix the terms and conditions before the sale is postponed and proceedings to enforce the debt are restrained. When the court has all the information before it, it may in its discretion limit its order to the postponing of the sale or deny the application altogether. A liberal construction of both the statute and the order of the court is necessary in order to carry out the purpose of the law.

As I read the order of the court, it was intended to afford the debtor the full benefit of the Best Act. Before this order can be disturbed the burden rests upon the creditor to show, by affirmaive proof, that the court has abused its discretion or that the original order of the court granting the benefit of the Best Act was intended to have a limited meaning. No such showing was made in the record, and we are merely relegated to the interpretation of the court order.

In my opinion, the judgment of the Common Pleas Court should be affirmed.